UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Maverick Construction Services, LLC for itself and in the name of the United States of America for use of Gulf Atlantic Constructors, Inc.<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CCCS International, LLC and The Gray Insurance Company,<br><br>　　　　　Defendants. | CASE NO.: ~~XXXXXXXXX~~ 3:25-cv-12844-MGL |

## COMPLAINT

Plaintiff, Maverick Construction Services, LLC, for itself and in the name of the United States of America for use of Maverick Construction Services, LLC, sues the Defendants, CCS International, LLC, and The Gray Insurance Company, and alleges as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B) (hereinafter the "Miller Act"). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

### VENUE

2. The contract at issue was to be performed and executed in Eastover, South Carolina. Venue therefore lies in the United States District Court for the District of South Carolina, pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## PARTIES

3.  Plaintiff, Maverick Construction Services, LLC (hereinafter "MCS") is a limited liability company, organized and existing under the laws of the State of South Carolina, with its principal place of business in Charleston, South Carolina.  MCS is a licensed contractor under the laws of the State of South Carolina.  MCS brings this action in its own name and in the name of the United States of America for use of MCS pursuant to 40 U.S.C. § 3133(b)(3)(A).

4.  Defendant CCCS International, LLC, (hereinafter "CCCS") is a limited liability company, organized and existing under the laws of South Carolina, with its principal place of business in Charleston, South Carolina.

5.  Defendant The Gray Insurance Company (hereinafter "Gray"), is a Louisiana corporation, organized and existing under the laws of the State of Louisiana, authorized to do business in the State of South Carolina, and who issued a payment bond for a construction project in the State of South Carolina.

## STATEMENT OF FACTS

6.  CCCS, as general contractor, contracted with the South Carolina Air National Guard, on September 30, 2021, to construct the federal project commonly known as "Building 979 169th FWCES McEntire Joint National Guard Base in Eastover, South Carolina (the "Project") with Contract Number W912QG21C0004 (the "Contract").

7.  CCCS obtained a Miller Act payment bond (the "Bond") from Gray in the amount of $13,513,000.00, under which Gray agreed to be bound jointly and severally with CCCS to make payment to all persons having a direct contractual relationship with CCCS or to any subcontractor of CCCS who furnished labor, material or both in the prosecution of the work provided under the

Contract in the event that CCCS failed to make prompt payment to such parties. See Bond attached hereto as *Exhibit A*.

### Contracting & Commencement

8. On or about May 24, 2022, CCCS contracted with MCS to generally provide the site and utility work on the referenced project for a subcontract sum of $336,465.00. See subcontract agreement (the "Subcontract") attached as *Exhibit B*.

9. MCS commenced mobilization and performed the contracted work after contract execution between August 2023 and October 21, 2025, with a lengthy interruption in payment, and additional costs for remobilization increasing the Contract Amount to $339,115.00.

### Payment & Non-Payment

10. Despite having performed its scope of work as set forth in detail in its Application(s) and Certificate(s) for Payment no.'s 1 – 6 totaling $339,115.00, MCS has only been paid $250,000.00 to date leaving a balance due of $89,115.00 under the subcontract.

11. MCS has provided multiple submissions of information and documents to Gray but MCS's claim remains under review by Gray.

12. No further payments have been received by MCS from CCCS or Gray since MCS's filing of its proof of claim.

13. MCS has hired the undersigned counsel to bring this claim and is obliged to pay a reasonable fee for their services.

### COUNT I
### (BREACH OF CONTRACT)

14. MCS repeats, realleges and incorporates paragraph 1 through 13 above as though fully set forth in this Count.

15. Despite only receiving a single payment of $5,000.00 from the inception of its work in August through November 2023, MCS faithfully performed its scope of work and was on track to complete its work in the manner provided in the Subcontract, prior to CCCS's initial breach for non-payment.

16. Thereafter, MCS remobilized at the Project in consideration for and in reliance upon a promise and receipt of partial payment under its subcontract from CCCS while expressly reserving its rights under the Subcontract, CCCS' Bond and applicable law for full payment of all contract funds due for work performed and to be performed.

17. CCCS thereafter breached the Subcontract by failing to pay MCS in full for labor, services and materials furnished to the Project.

18. MCS has suffered damage as a direct and proximate result of CCC's breach of contract.

WHEREFORE, MCS demands judgment of damages against CCCS, for $89,115.00 the balance due under its contract for the claims at issue herein, for costs of this action, attorney's fees and costs pursuant to any lawful bond provided for this project, and for such other and further relief as may to the Court deems just and proper.

## COUNT II
## (QUANTUM MERUIT)

19. MCS repeats, realleges and incorporates paragraph 1 through 18 above as though fully set forth in this Count.

20. MCS provided CCCS valuable labor, services, and materials for respective tasks on the Project under contract with the U.S. government.

21. MCS otherwise provided and CCCS received valuable labor, services and materials that were necessary for CCCS to perform and complete its obligations under the Contract with the U.S. government.

22. CCCS benefitted from MCS's labor, services, and materials.

23. CCCS failed and refused to pay MCS for the reasonable value of the labor, services and materials referenced herein.

24. A reasonable person or entity, in the ordinary course of common events, would expect to pay for the services provided by CCCS.

25. MCS has suffered damage and CCCS has been unjustly enriched as a result of CCCS' failure to compensate MCS for the labor, materials and services provided thus far.

WHEREFORE, MCS demands judgment for damages against CCCS, attorney's fees and costs pursuant to any lawful bond provided for this project, and any such further damages this court may deem just and proper.

## COUNT III
### (MILLER ACT PAYMENT BOND)

26. MCS repeats, realleges and reincorporates paragraph 1 through 25, above as though fully set forth in this Count.

27. Gray is obligated, pursuant to the Bond, to pay MCS for the labor, materials and services it furnished in the prosecution of the work provided for to the Bonded Project set forth in the Contract, and for which CCCS failed to make payment to MCS.

28. MCS timely tendered its Applications and Certificates for Payment for work pursuant to the requirements of the Subcontract.

29. MCS timely tendered its Notice of its Payment Bond Claim for the work performed and due for payment and unpaid at that time.

30. To date CCCS has only paid MCS $250,000.00 and has not as it is obligated to do under the applicable FAR provisions provided written notice to MCS (and the Government) with details as to: (1) the amount(s) withheld to date; (2) the specific causes for withholding under the

terms of the Subcontract; and (3) the remedial actions to be taken, if any, by the [MCS] in order to receive payment of the amounts withheld.

31. No payment has since been received by MCS from CCCS or its surety, Gray.

32. Gray has failed to fulfill its obligation under the Bond to pay MCS for labor, materials and services furnished in the prosecution of the work rendered.

33. MCS is entitled to payment from Gray pursuant to its Bond for this project and the Miller Act.

WHEREFORE, MCS demands judgment for amounts unpaid of $89,115.00 under its contract and other recoverable damages against Defendant Gray, attorney's fees and costs pursuant to the Miller Act, and any such further relief as may to this Court may deem just and proper.

Respectfully submitted,

ROBERTSON HOLLINGSWORTH MANOS & RAHN, LLC

/s/*Theodore L. Manos*
Theodore L. Manos
Federal Bar No. 7023
40 Calhoun Street, Suite 330
Charleston, South Carolina 29403
Telephone: (843) 723-6470; TLM@roblaw.net
**Attorneys for Plaintiff**

October 6, 2025

Charleston, South Carolina